**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

No. 95-10520
(Summary Calendar)

ARTHUR A. COLLINS, INC.,

Plaintiff-Appellant,

versus

AMERICAN TELEPHONE AND
TELEGRAPH COMPANY,

Defendant-Appellee.

Appeal from the United States District Court
For the Northern District of Texas
(3:94CV-02842)

January 22, 1996

Before WIENER, PARKER, and DENNIS, Circuit Judges:

PER CURIAM:[*]

The suit from which this appeal arises (Tort Suit) was filed by Plaintiff-Appellant Arthur A. Collins, Inc. (Collins) against Defendant-Appellee American Telephone and Telegraph Company (AT&T) in federal district court for the <u>Northern</u> District of Texas. Stripped to its essentials, the Tort suit seeks to attack

---

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

collaterally the Federal Circuit's mandate issued in an appeal of a prior lawsuit filed by Collins against AT&T (the Patent Suit) in the Western District of Texas.  In the Tort Suit, the district court dismissed Collins complaint and we now affirm that judgment.

I

FACTS AND PROCEEDINGS

A.  THE PATENT SUIT

In December 1990, Collins filed the Patent Suit against AT&T in the federal district court for the Western District of Texas, alleging, inter alia, that AT&T had infringed Collins' patent, U.S. Patent No. 3,956,593 ('593 Patent).  After trial, a Texas jury found that AT&T had infringed claim 29 (Claim 29)[1] of the '593 Patent.  The district court awarded Collins a judgment exceeding $34 million.  As that case involved issues of patent law, AT&T appealed to the Federal Circuit, rather than to us (Patent Appeal).[2]

In May 1992, shortly after Collins obtained its judgment in the Patent Suit, the United States Patent and Trademark Office (PTO) rejected Claim 29 as invalid  (Invalidation Decision).  In

---

[1] The "claims" of the patent define the limits of the patent owner's exclusive rights during the life of the patent. Herbert F. Schwartz, Patent Law and Practice, 7-8 (2d ed. 1995).

[2] The Federal Circuit, not the Fifth Circuit, has "exclusive jurisdiction" over "an appeal from a final decision of a district court of the United States . . . if the jurisdiction of that court was based, in whole or in part, on [28 U.S.C.] section 1338."  28 U.S.C. § 1295(a)(1).  Section 1338 provides that "[t]he district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to patents." 28 U.S.C. § 1338.

2

its Patent Appeal brief, AT&T cited the PTO's Invalidation Decision. According to Collins, the PTO reached its decision by relying, "inter alia," on AT&T's alleged "false representation" concerning an article by Guido Granello entitled "Switching Networks for PCM Time Division Exchanges" (Granello Article). In February 1993, the PTO reversed its prior ruling and held that Claim 29 was valid (Revalidation Decision).

At oral argument in the Patent Appeal, the parties "vigorously disputed" the meaning of the Granello Article and its effects on the patentability of Claim 29. In a November 1993 decision, the Federal Circuit invalidated Claim 29 and reversed Collins' judgment, holding that Claim 29 had been anticipated by "prior art,"[3] the Granello Article. In its opinion, the Federal Circuit expressly stated that it knew of both the Invalidation Decision and the Revalidation Decision.[4] It placed no weight on either

---

[3] As strangers journeying in a strange land, we summoned the assistance of Federal Circuit precedent for an explanation of the esoteric patent phrase "anticipatory prior art." Our search revealed the following explanation:

> If one prior art reference completely embodies the same process or product as any claim of the patent in suit, the process or product recited by that claim is said to be "anticipated" by the prior art and the claim is therefore invalid under § 102 for want of novelty.

Shatterproof Glass Corp. v. Libbey-Owens Ford Co., 758 F.2d 613, 619 (1985).

[4] Collins Licensing, L.P. v. American Tel. & Tel. Co., 11 F.3d 1072, reported in full at 28 U.S.P.Q.2d (BNA) 1847 (Fed. Cir. 1993)("[W]e are not unmindful of the fact that on reexamination the PTO, after initial rejection of claim 29 . . . withdrew that rejection."),cert denied, 114 S.Ct. 2155 (1994).

3

decision; instead, it addressed the patentability issue de novo.[5] The Federal Circuit also invalidated Claim 29 on the alternative grounds that its was "obvious"[6] in light of two additional prior art articles known as "Mack & Patrusky" and the "Final Technical Report."[7]

Collins filed a petition for rehearing with the Federal Circuit. In its petition, Collins "explained . . . AT&T's deception and mischaracterization of . . . the Granello article." The petition for rehearing accused AT&T of "deception," "artifice,"

---

[5] Id.

[6] A patent is invalid,

if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skills in the art to which said subject matter pertains.

35 U.S.C. § 103.

[7] Collins Licensing, L.P. 28 U.S.P.2d at 1850. The Federal Circuit explained that "both Granello . . . and the Final Technical Report . . . teach [the] individual space and time switch modules" that Collins had argued were critical to the patentability of its alleged invention, and that "[a]ll three references[, the Granello Article, Mack & Patrusky, as well as Final the Technical Report,] further teach the advantages of a modular design. Id. at 1849. It continued as follows:

[T]he jury would have had to find that the prior art does not show individual control of a time or a space module. On this record, substantial evidence does not support such a finding. Deference due a jury's fact findings in a civil case is not so great . . . as to require acceptance of findings where, as here, these findings are clearly and unquestionably not supported by substantial evidence. To do so would render a trial and the submission of evidence a farce.

Id. at 1850.

4

and "prevarication," in addition to making "utterly false" representations and telling "the big lie."[8] Collins also asked the Federal Circuit to consider "new" evidence, in the form of amici letters.[9] The Federal Circuit denied Collins' petition for rehearing. In addition, it later declined to accept a suggestion for rehearing en banc.

Undaunted, Collins next filed a petition for writ of certiorari to the Supreme Court, urging that the Federal Circuit relied on "mischaracterizations by AT&T" and that the circuit court's judgment "is simply factually wrong."[10] The Supreme Court, like the Federal Circuit before it, denied Collins' petition.[11]

Still refusing to accept the inevitable, Collins initiated the Tort Suit in December 1994, alleging that AT&T had engaged in a "fraudulent scheme to nullify claim 29 of Collins U.S. Patent No. 3,956,953" after Collins sought royalties for AT&T's allegedly infringing use of that patent. According to Collins, AT&T "falsely represented" to the PTO and to the Federal Circuit that the Granello Article anticipated Claim 29 and thus rendered it invalid. Collins alleges that AT&T "mischaracterized" that article by (1)

---

[8] The Complaint in the Tort Suit levels identical allegations against AT&T.

[9] These same letters were attached to the complaint in the Tort Suit.

[10] By Collins own admission in the Tort Suit complaint, this is the essence of its arguments to the Federal Circuit (both on appeal and in its petition for rehearing), the Supreme Court, and in its complaint in the Tort Suit.

[11] Collins Licensing, L.P. v. American Tel. & Tel. Co., 114 S.Ct. 2155 (1994).

5

failing to characterize its own arguments as fraudulent; (2) making different arguments before the PTO and the Federal Circuit as to why the Granello Article invalidated Claim 29; and (3) failing to alert Collins, the PTO, or the Federal Circuit to the differences in these arguments. Collins also asserts that AT&T portrayed trial testimony "falsely," while Collins portrayed the testimony accurately.

The Tort Suit complaint proffers four different torts: intentional injurious falsehood; intentional interference with protected property rights; fraud; and fraud on the government. By way of damages, Collins prayed for "its [Patent Suit] judgment against AT&T," "post-judgment interest on the [Patent Suit] judgment" and a $500,000 license payment which "was contingent upon the outcome of the appeal in the Federal Circuit."

Even before AT&T's answer was due, Collins filed a motion for summary judgment in which it sought a ruling that "the Federal Circuit's findings . . . [are] false as a matter of law." In response, AT&T sought dismissal of the Tort Suit: First, it contended that under Rule 12(b)(1), the district court lacked jurisdiction, as the Tort Suit was essentially a state-law-based collateral attack on the mandate of the Federal Circuit; second, it insisted that collateral estoppel or issue preclusion barred relief under Rule 12(b)(6), even if the district court had jurisdiction.

The district court granted AT&T's motion, dismissing the Tort Suit for lack of jurisdiction. Describing Collins complaint as a

6

request to hold that the Federal Circuit was "wrong" and to relieve Collins from that Circuit's mandate, the district court held that, absent leave from the Federal Circuit, it had no jurisdiction over the Tort Suit, a separate cause of action collaterally attacking the mandate of a federal appellate court. In the alternative, the district court assumed arguendo that it had jurisdiction then held that collateral estoppel barred relief. Collins timely appealed to us.[12]

## II

## DISCUSSION

Collins complaint is a wolf in sheep's clothing. No matter how long or how loudly Collins professes that it does not seek relief from the mandate of the Federal Circuit, it cannot evade the facts to the contrary. The Federal Circuit held that anticipatory art, the Granello Article, precluded the patentability of Claim 29. Issues such as this (i.e., whether the Granello Article is anticipatory prior art precluding the patentability of Claim 29) are unquestionably <u>patent</u> <u>law</u> issues in which the Federal Circuit has unique expertise and over which it has exclusive appellate

---

[12] As this appeal does not require the resolution of a substantial question of federal patent law, we have jurisdiction to hear it. <u>See</u> <u>Natec, Inc. v. Deter Co.</u>, 28 F.3d 28 (5th Cir. 1994)(citing <u>Christianson v. Colt Indus. Operating Corp.</u>, 486 U.S. 800, 809 (1988)).
First, Collins invoked diversity jurisdiction, 28 U.S.C. § 1332, rather than patent jurisdiction, 28 U.S.C. § 1338, asserting state law tort claims. Second, assuming that Collins incorrectly invoked diversity and should have invoked patent jurisdiction in the district court, this appeal does not involve a question of substantive patent law, but rather one of jurisdiction and another of collateral estoppel.

jurisdiction.  In its wisdom, the Federal Circuit held that Claim 29 was not patentable and reversed the $34 million dollar judgment awarded to Collins.  On numerous occasions--thrice to the Federal Circuit and once to the Supreme Court--Collins has argued that the Federal Circuit's determination was factually wrong and the product of AT&T's fraudulent representations.  And all four times this argument was soundly rejected.  Whether or not AT&T committed fraud on the Federal Circuit has been fully heard.  More importantly, it has been finally decided that AT&T committed no fraud.

Nonetheless, Collins dressed up its same old fraud argument, (this time in the guise of a state law tort claim), moved to a new neighborhood (the Northern District of Texas), and tried yet again to convince a federal court that AT&T committed fraud on the Federal Circuit.  Recognizing it for what it is--a collateral attack on the mandate of the Federal Circuit--the district court refused to entertain such a specious complaint.  We agree with the district court: Collins does not deserve a fifth bite at the apple. We affirm the judgment of the district court.

In addition, we assess all costs of this appeal, including AT&T's reasonable attorneys' fees, against Collins.  A final decision or judgment is one that resolves a matter between two parties, leaving nothing open to further dispute.  Included among the examples of a frivolous appeal are repeated challenges to issues that have been finally decided and prayers for relief that have been finally denied.  Collins is cautioned, at the risk of incurring sanctions, against wasting the resources of the courts

8

and this defendant with further vexatious prosecution of this claim.  The lady of excess proportion has not only sung but has delivered three encores; she is enjoined from singing more.

AT&T has twenty days from the issuance of the mandate herein to submit a verified and itemized statement of its costs including attorneys' fees, arising out of this appeal.  Collins will then have ten days (until the thirtieth day after the issuance of said mandate) to file a response, if it cares to do so.

For the foregoing reasons, the judgment of the district court is AFFIRMED and all costs, including reasonable attorneys' fees, are assessed against Collins.

AFFIRMED.